AARON D. FORD
  Attorney General
Craig A. Newby (Bar No. 8591)
  Deputy Solicitor General
Sabrena K. Clinton (Bar No. 6499)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3420 (phone)
(702) 486-3773 (fax)
cnewby@ag.nv.gov
sclinton@ag.nv.gov

*Attorneys for Defendant State of Nevada*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRONT SIGHT MANAGEMENT, LLC dba Front Sight Firearms training Institute,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**PLEASE TAKE NOTICE THAT** under 28 U.S.C. § 1441(a), Defendant STATE OF NEVADA, by and through its counsel, remove this action from the Fifth Judicial District Court for the State of Nevada to the United States District Court for the District of Nevada.

**PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1. On September 3, 2020, Plaintiff Front Sight Management, LLC dba Front Sight Firearms Training Institute ("Plaintiff") filed suit against Defendant State of Nevada ("Defendant"). *See* **Ex. A** (Complaint).

2. On September 8, 2020, Plaintiff filed an Amended Complaint for Declaratory Relief ("Amended Complaint") against Defendant. Plaintiff asserts that Nevada Governor Stephen Sisolak's exercise of emergency powers to issue a Declaration of Emergency and Emergency Directives ("Directives") to mitigate the spread of COVID-19 are inapplicable

to its firearms facilities and training programs.  Plaintiff alleges its facilities have been designated "essential critical infrastructure" by the Cyber Security and Infrastructure Security Agency (CISA) of the U.S. Department of Homeland Security making it exempt from the Directives.  Further, Plaintiff asserts that the Directives violate its right to bear arms, and its due process and equal protection rights under the laws and constitution of Nevada and the U.S. Constitution.  *See* **Ex. B** (copy of amended summons and first amended complaint).  Plaintiff asserts the following causes of action:

- **First Cause of Action (Deprivation of Due Process and Equal Protection):** Directives fail to give adequate notice of the prohibited conduct thereby encouraging, authorizing and failing to prevent the arbitrary and discriminatory enforcement of the Directives in violation of the Nevada and U.S. Constitutions;

- **Second Cause of Action (Deprivation of Due Process and Equal Protection):** Directives fail to give adequate notice of the prohibited conduct thereby encouraging, authorizing and failing to prevent the arbitrary and discriminatory enforcement of the Directives, and subjecting Plaintiff to unreasonable searches and seizures in violation of the Nevada and U.S. Constitutions;

- **Third Cause of Action (Abuse of Emergency Powers):**  Directives exceed the grant of emergency powers by restricting the lawful possession, transfer, sale, and use of firearms and ammunitions in violation of the laws and constitution of Nevada and the U.S. Constitution;

- **Fourth Cause of Action (Deprivation of Due Process and Equal Protection):** Directives fail to give adequate notice of the prohibited conduct thereby encouraging, authorizing and failing to prevent the arbitrary and discriminatory enforcement of the Directives in violation of the Nevada and U.S. Constitutions.  To the extent that the Directives are enforceable against Plaintiff, Plaintiff's request a declaration that its precautions to mitigate the spread of COVID-19 are adequate and reasonable.

- **Fifth Cause of Action (Deprivation of the Right to Bear Arms):** Directives fail to meet "strict scrutiny" or "strong form of intermediate scrutiny" impermissibly

restricting Plaintiff's Second Amendment right to bear arms in violation of the Nevada and U.S. Constitutions;

- **Sixth Cause of Action (Unlawful Confiscation of Firearms):** Directives amount to a confiscation of firearms in violation of Plaintiff's right to bear arms pursuant to the laws and constitution of Nevada and the U.S. Constitutions;

- **Seventh Cause of Action (Unlawful Governmental Taking of the Business of Front Sight):** Directives amount to an unlawful governmental taking of Plaintiff's business in violation of the Nevada and U.S. Constitutions;

- **Eighth Cause of Action (Deprivation of the Right of Equal Protection Under the Law):** Directives are arbitrarily and discriminatorily enforced to unlawfully restrict Plaintiff's exercise of the right to bear arms in violation of the equal protection clause of the Nevada and U.S. Constitutions;

- **Ninth Cause of Action (Deprivation of Free Speech):** Directives suppress Plaintiff's right to protest and violate its First Amendment right to free speech;

- **Tenth Cause of Action (Interference with Commerce and Trade):** Directives interfere with and prevent Plaintiff's participation in intrastate and interstate trade and business in violation of the Commerce Clauses of the Nevada and U.S. Constitutions; and

- **Declaratory Relief** for violations of the laws and constitution of Nevada and the U.S. Constitution.

3.  A copy of the amended summons and amended complaint was received by the Office of the Attorney General in Carson City on September 21, 2020. *See* **Ex. C**. The acknowledgement of receipt did not ensure that any party, person or agency was properly served, nor did it waive any legal requirement for service under NRS Chapter 41.

### GROUNDS FOR REMOVAL

4.  This Court has original jurisdiction of all civil actions arising under the Constitution and laws of the United States. *See* 28 U.S.C. § 1331. Here, this Court has original subject matter jurisdiction because Plaintiff alleges that the Governor's exercise of

emergency powers to issue and enforce Directives violates its right to bear arms, and its due process and equal protection rights under the U.S. Constitution.

5. Further, a court has supplemental jurisdiction over all other claims that form part of the same case or controversy. *See* 28 U.S.C. § 1367 (a). Here, this Court has supplemental jurisdiction because Plaintiff also alleges that the Governor's exercise of emergency powers to issue and enforce Directives violates the laws and Constitution of Nevada.

6. A defendant has the right to remove any civil action brought in state court by which this Court would have original jurisdiction. *See* U.S.C. §1441(a). Accordingly, Defendant has the right to seek removal of Plaintiff's Amended Complaint to this Court.

### THE PROCEDURAL REQUIREMENTS
### FOR REMOVAL HAVE BEEN SATISFIED

7. This Court is the property court to which to remove Plaintiff's amended complaint pursuant to 28 U.S.C. § 1446(a) because the Fifth Judicial District Court for the State of Nevada is located within this Court's district and division.

8. Removal of Plaintiff's amended complaint is timely pursuant to 28 U.S.C. § 1446(b)(1) because this notice was filed within thirty (30) days of September 21, 2020, the date of service of Plaintiff's summons and complaint.

9. Removal is unanimous. Defendant is the only defendant and, through its undersigned counsel, consent to removal under 28 U.S.C. § 1446(b)(2)(A).

10. After filing this Notice of Removal, Defendant will promptly serve written notice of this Notice of Removal on Plaintiff's counsel and file the same with the Clerk of the Fifth Judicial District Court for the State of Nevada in accordance with 28 U.S.C. § 1446(d).

11. True and correct copies of all process, pleadings, and orders received by Defendant in the Fifth Judicial District Court for the State of Nevada action are attached hereto as **Exs. A-E**.

. . .

**NON-WAIVERS OF DEFENSES**

12.      By removing this action from the Fifth Judicial District Court for the State of Nevada, Defendant does not waive any defenses available to it.

13.      By removing this action from the Fifth Judicial District Court for the State of Nevada, Defendant does not admit any of the allegations in Plaintiff's Amended Complaint;

Defendant removes the above-captioned action from the Fifth Judicial District Court to the United States District Court for the District of Nevada.

DATED this 16th day of October, 2020.

AARON FORD
Attorney General

By:    */s/ Sabrena K. Clinton*
      Craig Newby (Bar No. 8591)
      Deputy Solicitor General
      Sabrena K. Clinton (Bar No. 6499)
      Deputy Attorney General
      *Attorneys for Defendant State of Nevada*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system on the 16th day of October, 2020.

I certify that some of the participants in this case may be registered electronic filing systems users and will be served electronically.  For those participants in the case that are not registered electronic filing system users, service was made by depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada to the following unregistered participants:

Leslie Mark Stovall, Esq.
Ross Moynihan, Esq.
Stovall & Associates
2301 Palomino Lane
Las Vegas, NV 89107
*Attorneys for Plaintiffs*

                                    */s/ Eddie Rueda*
                                    Eddie Rueda, an employee of the
                                    Office of the Attorney General